IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERATION FOR AMERICAN IMMIGRATION REFORM, 25 Massachusetts Ave., N.W., Suite 330 Washington, D.C. 20001     Plaintiff, v. U.S. DEPARTMENT OF DEFENSE, 1400 Defense Pentagon Washington, D.C. 20301,     Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Federation for American Immigration Reform ("FAIR") brings this action against the U.S. Department of Defense ("DOD") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff FAIR ("Plaintiff") is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 25

Massachusetts Ave., N.W., Suite 330, Washington, D.C. 20001. Plaintiff seeks to educate the citizenry and increase public awareness of immigration issues and hold the nation's leaders accountable for enforcing the nation's immigration laws. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant DOD is an agency of the U.S. Government and is headquartered at 1400 Defense Pentagon, Washington, D.C. DOD has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On August 17, 2016, Plaintiff submitted a FOIA request, by email, to the DOD, seeking access to the following public records "time-marked from FY2011 to the present[1]":

> 1) Any and all records of communications, including but [sic] limited to emails, between employees or representatives of the Southern Poverty Law Center (SPLC) and/or the Anti-Defamation League (ADL) and agency staff.[2]
>
> 2) Any and all records of agency memoranda, directives, guidance, and/or reports concerning, regarding, or relating to any agency decision to reassess, revaluate or otherwise change its relationship with these organizations.
>
> 3) Any and all records of agency memoranda, directives, guidance, and/or reports referring to or referencing these organizations or their work and/or staff.

---

[1] It is expected this will cover the period right up until the agency's search is conducted.
[2] *See*, http://www.judicialwatch.org/press-room/press-releases/judicial-watch-defensedepartment-teaching-documents-suggest-mainstream-conservative-views-extremist/ ("Judicial Watch obtained the documents in a response to a Freedom of Information Act request (FOIA) filed on April 8, 2013. The FOIA requested 'Any and all records concerning, regarding, or related to the preparation and presentation of training materials on hate groups or hate crimes distributed or used by the Air Force.' Included in the 133 pages of lesson plans and PowerPoint slides provided by the Air Force is a January 2013 Defense Equal Opportunity Management Institute 'student guide' entitled 'Extremism.'… The SPLC is listed as a resource for information on hate groups and referenced several times throughout the guide.").

4) Any and all original records[3] showing the number of occasions these organizations have contacted, or been contracted by, the agency.

5) Any and all records concerning, regarding, or related to the preparation and presentation of training materials on hate groups or hate crimes distributed or used by the Air Force and/or any other agency components from FY2013 to the present.[4]

6) Any and all records of the calendars and/or schedules of the commander/commandant of the agency's Defense Equal Opportunity Management Institute referring to or referencing these organizations, including their representatives.[5]

   a. Any and all briefing books, meeting notes, and general preparatory materials relating to meetings with these organizations, including their representatives.

   b. Any and all records of communications, including but not limited to emails, regarding the arrangement of meetings with these groups, including their representatives.

---

[3] The courts have differentiated pre-existing records reflecting statistics and newly generated summary statistics finding the latter inadequate when the requester mean the former. *See Rubman. v. United States Citizenship & Immigration Servs.*, 2015 U.S. App. LEXIS 15426, 11 (7th Cir. Ill. Aug. 31, 2015). The FOIA statute states that "an agency shall provide [a] record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format." § 552(a)(3)(B); *see also* 6 C.F.R. § 5.11 (b)(3)("Components shall honor a requester's specified preference of form or format of disclosure…"); *Delorme Pub. Co.v. Nat't Oceanic & Atmospheric Admin.*, 907 F. Supp. 10, 12 (D. Me. 1995)("An agency's duty is to disclose records, and records are formatted information… Nothing in the FOIA excuses an agency from disclosing a particular record because it has disclosed the content elsewhere in a different format."). Agencies therefore must be "attentive not only to the *content* of the records sought by a FOIA request but also to their *form*." *Rubman*, U.S. App. LEXIS 15426 at 16. (emphasis original).

[4] See, e.g., http://www.judicialwatch.org/press-room/press-releases/judicial-watch-defense-department-teachingdocuments-suggest-mainstream-conservative-views-extremist/ ("Judicial Watch obtained the documents in a response to a Freedom of Information Act request (FOIA) filed on April 8, 2013. The FOIA requested 'Any and all records concerning, regarding, or related to the preparation and presentation of training materials on hate groups or hate crimes distributed or used by the Air Force.' Included in the 133 pages of lesson plans and PowerPoint slides provided by the Air Force is a January 2013 Defense Equal Opportunity Management Institute 'student guide' entitled 'Extremism.'… The SPLC is listed as a resource for information on hate groups and referenced several times throughout the guide.").

[5] *Ibid*.

6. Plaintiff received an acknowledgement letter from DOD dated August 29, 2016, acknowledging receipt on August 17, 2016, and informing Plaintiff the request had been assigned FOIA case number 16-F-1540.

7. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), DOD was required to determine whether to comply with each part of Plaintiff's FOIA request within twenty (20) working days after receipt of each request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Accordingly, DOD's determination of the FOIA request was due on September 15, 2016 at the latest.

8. As of the date of this Complaint, DOD has failed to: (i) determine whether to comply with Plaintiff's FOIA request; (ii) notify Plaintiff of any such determination or the reasons for such determination; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

9. Because DOD has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A) with respect to the FOIA request, Plaintiff is deemed to have exhausted any and all administrative remedies with respect to both requests, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
(Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

12. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request, and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: July 5, 2017                     Respectfully submitted,

/s/ Julie B. Axelrod
D.C. Bar No. 1001557
Immigration Reform Law Institute
25 Massachusetts Ave. NW, Suite 335
Washington DC, 20001
Telephone: 202-232-5590
Fax: (202) 464-3590
Email: jaxelrod@irli.org